IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 10-20129-03-KHV |
| MARCUS L. QUINN, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

On January 23, 2012, the Court sentenced defendant to 360 months in prison. On January 21, 2021, under 18 U.S.C. § 3582(c)(2) and sentencing Amendment 782, the Court reduced defendant's sentence to 292 months. This matter is before the Court on defendant's Motion To Compel Compassionate Release (Doc. #1103) filed May 24, 2021 and his Subsidiary Motion Informative To Compassionate Release (Doc. #1104) filed May 24, 2021, which seek release based on the Coronavirus Disease-2019 ("COVID-19") pandemic. On June 11, 2021, pursuant to District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender ("FPD") notified the Court that it does not intend to enter an appearance to represent defendant. For reasons stated below, the Court dismisses defendant's motions.

### Factual Background

On August 26, 2011, a jury found defendant guilty of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than 280 grams of cocaine base (Count 1), maintaining and conspiring to maintain a drug-involved premises within 1,000 feet of a school (Counts 2, 4 and 6), and possession with intent to distribute and distribution of cocaine base within 1,000 feet of a school (Counts 3, 7 through 10, and 14). See Verdict (Doc. #570).

Defendant's total offense level was 42, with a criminal history category III, resulting in a guideline range of 360 months to life in prison. On January 23, 2012, the Court sentenced defendant to 360 months in prison. See Judgment In A Criminal Case (Doc. #688).

Defendant currently is confined at FCI Beaumont–Low, a Bureau of Prisons ("BOP") facility in Beaumont, Texas. FCI Beaumont–Low houses some 1,579 inmates. See FCI Beaumont Low, https://www.bop.gov/locations/institutions/bml (last visited July 23, 2021). As of July 22, 2021, 1,058 inmates and 28 staff members had tested positive for Coronavirus Disease-2019 ("COVID-19"). See COVID-19 Cases, https://www.bop.gov/coronavirus (last visited July 23, 2021). One inmate died from COVID-19. See id. The remaining 1,057 inmates and all of the staff members have recovered. See id. In July of 2020, defendant tested positive for COVID-19. BOP has offered defendant a COVID-19 vaccine, but he refuses to get one.

Defendant is 40 years old. Defendant states that because of high blood pressure, an enlarged prostate and high cholesterol, he is at high risk of contracting COVID-19 and severe illness or death if he contracts it or one of its variants. With good time credit, defendant's projected release date is July 16, 2031. Defendant asks the Court to grant compassionate release based on his health conditions and the length of his original sentence.

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996). Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal

Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c).

Under the First Step Act of 2018, Pub. L. No. 115-391 (S. 756), 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).  Defendant seeks compassionate release because of various health conditions, the COVID-19 pandemic and the harshness of his original sentence.  The government does not dispute that defendant has exhausted administrative remedies.

Under the compassionate release statute, the Court may grant relief if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) the Section 3553(a) factors warrant a reduced sentence.  18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021).  The Sentencing Commission has not issued an "applicable" policy statement for motions for compassionate release filed by defendants.  Maumau, 993 F.3d at 837; McGee, 992 F.3d at 1050.  Unless and until the Sentencing Commission issues such a policy statement, the second requirement does not apply.  See United States v. Warren, No. 11-20040-01-WPJ, 2021 WL 1575226, at *2 (D. Kan. Apr. 22, 2021); see also United States v. Jones, 980 F.3d 1098, 1111 (6th Cir. 2020) (where incarcerated person files motion, district court may skip step two of § 3582(c)(1)(A) inquiry and has full discretion to define "extraordinary and compelling" without consulting policy statement at U.S.S.G. § 1B1.13).  Accordingly, the Court evaluates only the first and third requirements.

**I.    Extraordinary And Compelling Reasons For Release**

The Court has discretion to independently determine whether defendant has shown "extraordinary and compelling reasons" that warrant release. See McGee, 992 F.3d at 1044, 1048. In the context of compassionate release, "extraordinary" means "exceptional to a very marked extent." United States v. Baydoun, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (quoting *extraordinary*, Webster's Third International Dictionary, Unabridged (2020)). "Compelling" means "tending to convince . . . by forcefulness of evidence." Id. (quoting *compelling*, Webster's Third International Dictionary, Unabridged (2020)). The Court also considers how the Sentencing Commission has defined extraordinary and compelling reasons for BOP motions. See United States v. Carr, No. 20-1152, 2021 WL 1400705, at *4 (10th Cir. Apr. 14, 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes). For BOP motions, the Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) a catchall category for an "extraordinary and compelling reason other than, or in combination with," the first three categories. U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018).

Here, defendant seeks release primarily because of health conditions. At age 40, however, defendant is young. Defendant has high cholesterol and possibly an enlarged prostate, but he has not shown that these conditions affect his risk of contracting COVID-19 or suffering severe illness should he contract it. Defendant states that he has hypertension, but BOP medical records of his current health problems do not reflect such a diagnosis. Defendant has not shown that his health

conditions, either individually or collectively, constitute extraordinary and compelling reasons for release.

Defendant, who has refused a COVID-19 vaccine, has not shown that compared to his proposed placement in the community, he faces a heightened or imminent risk of exposure to COVID-19 or one of its variants at FCI Beaumont–Low.  See United States v. Wright, No. CR-TDC-17-0388, 2020 WL 2571198, at *3 (D. Md. May 21, 2020) (inmate must show imminent risk of exposure to COVID-19 and high risk for death or serious illness should he or she contract COVID-19 based on age, medical conditions or other factors).  COVID-19 certainly presents a challenge in the prison setting, where inmates generally live in close quarters.  Even so, the risk that COVID-19 or a variant that is resistant to the vaccine may emerge at FCI Beaumont–Low cannot "justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant next argues that extraordinary and compelling reasons exist because of the draconian nature of his initial sentence and because if sentenced today, his total offense level would be two levels lower.  In fact, under Amendments 750 and 782, his total offense level is reduced four levels with an amended guideline range of 292 to 365 months.  See Order To Show Cause (Doc. #1065) filed December 28, 2020 at 1.  On January 21, 2021, under 18 U.S.C. § 3582(c)(2), the Court granted defendant relief and reduced his sentence to 292 months, the low end of the amended guideline range.  See Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #1079) at 1.  Defendant has not shown that exceptional and compelling reasons warrant a further reduction of his sentence.

**II.    Section 3553(a) Factors**

Even if defendant's medical conditions, the COVID-19 pandemic, the conditions at FCI Beaumont–Low and the length of his original sentence were considered "extraordinary and compelling" reasons for release, the Court would deny relief after considering the various factors under 18 U.S.C. § 3553.   A sentence of time served, or approximately 178 months including good time credit, is inconsistent with the seriousness of defendant's offense, the need for deterrence and the need to protect the public.   In particular, despite a prior conviction for a crack cocaine offense and prison term of 46 months, defendant committed a significant drug trafficking offense.   As part of the offense conduct, defendant was responsible for at least 4.5 kilograms of cocaine.   The Court found a nexus between a firearm and defendant's offense conduct and that he distributed crack cocaine within 1,000 feet of a school.   Finally, a reduction of defendant's sentence to approximately 178 months would reflect a significant disparity from his current sentence of 292 months, which was the low end of his amended guideline range of 292 to 360 months.

The Court recognizes that defendant has competed a little more than one half of his sentence and apparently has made some progress toward rehabilitation.   Even so, on balance, the factors under Section 3553(a) do not support a reduced sentence.

In sum, defendant's medical conditions, the COVID-19 pandemic, the conditions at FCI Beaumont–Low and the length of his original sentence are not "extraordinary and compelling" reasons that warrant his release under Section 3582(c)(1)(A).   Therefore, the Court dismisses defendant's motions for compassionate release for lack of jurisdiction.[1]

---

[1]    See United States v. Poutre, 834 F. App'x 473, 474 (10th Cir. 2021) (unless basis for resentencing satisfies specific category in Section 3582(c), district court lacks jurisdiction to

**IT IS THEREFORE ORDERED** that defendant's Motion To Compel Compassionate Release (Doc. #1103) filed May 24, 2021 is **DISMISSED**.

**IT IS FURTHER ORDERED** that defendant's Subsidiary Motion Informative To Compassionate Release (Doc. #1104) filed May 24, 2021 is **DISMISSED**.

Dated this 23rd day of July, 2021 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

consider request) (citing United States v. C.D., 848 F.3d 1286, 1291 (10th Cir. 2017); United States v. White, 765 F.3d 1240, 1244 (10th Cir. 2014); and United States v. Brown, 556 F.3d 1108, 1113 (10th Cir. 2009)); United States v. Saldana, 807 F. App'x at 818, 820–21 (10th Cir. 2020) (because district court found that defendant had not established "extraordinary and compelling reasons" for reduced sentence, it should have dismissed motion for lack of jurisdiction) (citing White, 765 F.3d at 1244 and Brown, 556 F.3d at 1113).  But see United States v. Read-Forbes, 843 F. App'x 131, 134 (10th Cir. 2021) (questioning whether defendant's failure to satisfy substantive requirements of § 3582(c)(1)(A) is jurisdictional).