## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 10-20129-03-KHV |
| MARCUS L. QUINN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On January 23, 2012, the Court sentenced defendant to 360 months in prison. On January 21, 2021, on the Court's own motion under 18 U.S.C. § 3582(c)(2) and sentencing Amendment 782, the Court reduced defendant's sentence to 292 months. This matter is before the Court on defendant's Motion For Compassionate Release Under The Fair Sentencing Act (Doc. #1129) filed July 5, 2022. On August 12, 2022, pursuant to District of Kansas Standing Order No. 20-8, the Office of the Federal Public Defender notified the Court that it does not intend to enter an appearance to represent defendant. For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On August 26, 2011, a jury found defendant guilty of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than 280 grams of cocaine base (Count 1), maintaining and conspiring to maintain a drug-involved premises within 1,000 feet of a school (Counts 2, 4 and 6), and possession with intent to distribute and distribution of cocaine base within 1,000 feet of a school (Counts 3, 7 through 10, and 14). See Verdict (Doc. #570). Defendant's total offense level was 42, with a criminal history category III, resulting in a guideline

range of 360 months to life in prison.   On January 23, 2012, the Court sentenced defendant to 360 months in prison.   See Judgment In A Criminal Case (Doc. #688).

The Court subsequently determined that after Amendments 750 and 782 to the Sentencing Guidelines and based on a total of 4.5 kilograms of crack cocaine attributed to defendant (the minimum amount that the Court necessarily attributed to defendant at the original sentencing), his base offense level should be reduced from 40 to 36.   See Order To Show Cause (Doc. #1065) at 1.   On January 21, 2021, on the Court's own motion, under 18 U.S.C. § 3582(c)(2) and sentencing Amendment 782, the Court reduced defendant's sentence to 292 months.

With good time credit, defendant's projected release date is October 19, 2030.   Defendant asks the Court to grant compassionate release based on the length of his original sentence and the fact that the proposed Eliminating a Quantifiably Unjust Application of the Law Act of 2021 (the "EQUAL Act") would reduce his sentence.[1]

## Analysis

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.   See 18 U.S.C. § 3582(b)–(c); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996).   Congress has set forth only three limited circumstances in which a court may modify a sentence: (1) upon motion of the BOP Director or defendant under Section 3582(c)(1)(A); (2) when "expressly permitted by statute or by Rule 35" of the Federal

---

[1]      In 2021, the House passed the EQUAL Act, which would eliminate the federal sentencing disparity between drug offenses involving crack cocaine and powder cocaine.   See H.R.1693, EQUAL Act of 2021, https://www.congress.gov/bill/117th-congress/house-bill/1693 (last visited Nov. 2, 2022).   In the Senate, the bill currently is referred to the Committee on the Judiciary.   See S.79, EQUAL Act of 2021, https://www.congress.gov/bill/117th-congress/senate-bill/79/all-info (last visited Nov. 2, 2022).

Rules of Criminal Procedure; and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission."   18 U.S.C. § 3582(c). Under the First Step Act of 2018, Pub. L. No. 115-391 (S. 756), 132 Stat. 5194, the Court may order compassionate release for "extraordinary and compelling reasons."   18 U.S.C. § 3582(c)(1)(A)(i).[2]

The Court may grant compassionate release if defendant establishes that (1) extraordinary and compelling reasons warrant a reduced sentence, (2) a reduced sentence is consistent with applicable Sentencing Commission policy statements and (3) Section 3553(a) factors warrant a reduced sentence.   18 U.S.C. § 3582(c)(1)(A); United States v. Maumau, 993 F.3d 821, 831 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042–43 (10th Cir. 2021).   The Sentencing Commission has not issued an "applicable" policy statement for motions for compassionate release filed by defendants.   Maumau, 993 F.3d at 837; McGee, 992 F.3d at 1050.   Unless and until the Sentencing Commission issues such a policy statement, the second requirement does not apply. See United States v. Warren, No. 11-20040-01-WPJ, 2021 WL 1575226, at *2 (D. Kan. Apr. 22, 2021).   Accordingly, the Court evaluates only the first and third requirements.

## I.    Extraordinary And Compelling Reasons For Release

The Court has discretion to independently determine whether defendant has shown "extraordinary and compelling reasons" that warrant release.   See McGee, 992 F.3d at 1044,

---

[2]      The Court may entertain requests for compassionate release only upon a motion of the BOP or of defendant after he submits a request to BOP and the earlier of (1) when he "fully exhaust[s] all administrative rights to appeal" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."   18 U.S.C. § 3582(c)(1)(A).   The government does not address whether defendant satisfied the exhaustion prerequisite.   The Court therefore assumes that defendant has done so.

1048.  In the context of compassionate release, "extraordinary" means "exceptional to a very marked extent."  United States v. Baydoun, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (quoting *extraordinary*, Webster's Third International Dictionary, Unabridged (2020)).  "Compelling" means "tending to convince . . . by forcefulness of evidence."  Id. (quoting *compelling*, Webster's Third International Dictionary, Unabridged (2020)).  While the Sentencing Commission definition of extraordinary and compelling reasons for BOP motions is not controlling, the Court considers that definition in ruling on defense motions.  See United States v. Carr, No. 20-1152, 2021 WL 1400705, at *4 (10th Cir. Apr. 14, 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes); see also United States v. Hald, 8 F.4th 932, 938 (10th Cir. 2021) (while policy statement does not restrict district court discretion, "it would hardly be an abuse of discretion for a district court to look to the present policy statement for guidance"), cert. denied, No. 21-6594, 2022 WL 1611819 (2022).  For BOP motions, the Sentencing Commission has identified four reasons that may constitute grounds for compassionate release: (1) defendant's medical condition; (2) defendant's age; (3) defendant's family circumstances; and (4) a catchall category for an "extraordinary and compelling reason other than, or in combination with," the first three categories.   U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018).

Defendant argues that extraordinary and compelling reasons exist because of the draconian nature of his initial sentence.  Specifically, he asserts that the Court imposed a sentence of 360 months based solely on "a few tiny gatherings of crack" and his prior drug conviction.  In fact, defendant possessed and distributed a significant amount of crack cocaine.  At the original

sentencing, the Court did not make a specific finding of the quantity of crack (cocaine base) attributable to defendant beyond the threshold quantity to qualify for the highest base offense level of 38.   See Presentence Investigation Report ("PSR") (Doc. #660) filed December 5, 2011, ¶ 152 (finding drug quantity "exceeds 4.5 kilograms of cocaine base"); id., ¶ 144 (cocaine base produced and distributed estimated to be "well above the quantity that establishes a Base Offense Level of 38"); see also PSR ¶ 158(a) (first method: multiple people in conspiracy selling one kilogram per month for 37 months); ¶ 158(b) (second method: 277.5 kilograms of cocaine base); ¶ 158(c) (third method: "very conservative estimate" of 78.9 kilograms of cocaine base during span of conspiracy).   The Court added two levels because defendant distributed all of the cocaine base within 1,000 feet of a school and two levels because the offense conduct involved the possession of firearms.   See id., ¶¶ 152–53.   Defendant's prior drug conviction and the fact that he committed the instant offense while on supervised release for that offense did increase his criminal history category from I to III.   See id., ¶¶ 172–74.   Even so, because defendant's total offense level was 42, his criminal history category did not increase his guideline range at the original sentencing.   If sentenced today, defendant's total offense level is reduced four levels with an amended guideline range of 292 to 365 months.   See Order To Show Cause (Doc. #1065) filed December 28, 2020 at 1.   On January 21, 2021, under 18 U.S.C. § 3582(c)(2), the Court granted defendant relief and reduced his sentence to 292 months, the low end of the amended guideline range.   See Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #1079) at 1.   Defendant has not shown that the quantity of drugs attributable to him or the fact that his prior conviction enhanced his criminal history category constitutes an extraordinary or compelling reason for a further reduction of his sentence.

Defendant next argues that extraordinary and compelling reasons exist because Congress is considering the EQUAL Act, which would eliminate the disparity in the Guidelines between crack cocaine and powder cocaine, reducing the crack cocaine/powder cocaine ratio from 18:1 to 1:1.   It appears that no court has held that the proposed EQUAL Act is an extraordinary and compelling reason to reduce a defendant's sentence.   See, e.g., Palermo v. United States, No. 1:17-CR-290-GHW, 2022 WL 14129780, at *2 (S.D.N.Y. Oct. 22, 2022) (possibility of defendant receiving benefit through proposed EQUAL Act not extraordinary and compelling circumstance); United States v. Sims, No. 19CR857NSR01, 2022 WL 3013111, at *4 (S.D.N.Y. July 29, 2022) (same).   Compare United States v. Samas, No. 3:18-CR-00296 (JAM), 2021 WL 5996815, at *2–3 (D. Conn. Dec. 7, 2021) (after finding that defendant's medical condition was extraordinary and compelling reason for release, court considered EQUAL Act in balancing Section 3553(a) factors).   Proposed legislation by itself is insufficient to grant wholesale relief to all defendants who could potentially benefit from such legislation.   Defendant has not shown that the proposed EQUAL Act is an extraordinary and compelling reason to reduce his sentence.[3]

## II.   Section 3553(a) Factors

Even if the length of defendant's original sentence or the proposed EQUAL Act were considered "extraordinary and compelling" reasons for release, the Court would deny relief after

---

[3]       Defendant also refers to the Fair Sentencing Act of 2010.   Amendment 750 to the Sentencing Guidelines implemented the provisions of the Fair Sentencing Act which reduced the crack cocaine/powder cocaine ratio to 18:1 in the Guidelines.   Here, under Section 3582(c)(2), the Court previously applied the current Guidelines which incorporate Amendment 750 and Amendment 782, which generally lowers by two additional levels the base offense levels in the Drug Quantity Table.   Defendant has not shown that the Fair Sentencing Act provisions constitute an extraordinary and compelling reason for release.

considering the various factors under 18 U.S.C. § 3553. A sentence of time served, or approximately 168 months including good time credit, is inconsistent with the seriousness of defendant's offense, the need for deterrence and the need to protect the public. In particular, despite a prior conviction for a crack cocaine offense and prison term of 46 months, defendant committed a significant drug trafficking offense. As part of the offense conduct, defendant was responsible for at least 4.5 kilograms of cocaine. The Court found a nexus between a firearm and defendant's offense conduct and that he distributed crack cocaine within 1,000 feet of a school. Finally, a reduction of defendant's sentence to approximately 168 months would reflect a significant disparity from his current sentence of 292 months, which was the low end of his amended guideline range of 292 to 360 months.

The Court recognizes that defendant has completed a little more than one half of his sentence and based on his prior motion, he apparently has made some progress toward rehabilitation. Even so, on balance, the factors under Section 3553(a) do not support a reduced sentence.

In sum, the length of defendant's original sentence and the proposed EQUAL Act are not "extraordinary and compelling" reasons that warrant his release under Section 3582(c)(1)(A). The factors under Section 3553(a) also do not support a reduced sentence. The Court therefore overrules defendant's motion for compassionate release.

**IT IS THEREFORE ORDERED** that defendant's <u>Motion For Compassionate Release Under The Fair Sentencing Act</u> (Doc. #1129) filed July 5, 2022 is **OVERRULED**.

Dated this 2nd day of November, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge