## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | No. 10-20129-03-KHV |
| MARCUS L. QUINN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM AND ORDER

On January 23, 2012, the Court sentenced defendant to 360 months in prison.   On January 21, 2021, on the Court's own motion under 18 U.S.C. § 3582(c)(2), the Court reduced defendant's sentence to 292 months.   This matter is before the Court on defendant's Motion For Reduction (Doc. #1143) filed November 23, 2022, which the Court construes as a renewed motion to reduce sentence under 18 U.S.C. § 3582(c)(2).   For reasons stated below, the Court dismisses defendant's motion.

### Factual Background

On August 26, 2011, a jury found defendant guilty of conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine and more than 280 grams of cocaine base (Count 1), maintaining and conspiring to maintain a drug-involved premises within 1,000 feet of a school (Counts 2, 4 and 6), and possession with intent to distribute and distribution of cocaine base within 1,000 feet of a school (Counts 3, 7 through 10, and 14).   See Verdict (Doc. #570). Defendant's total offense level was 42, with a criminal history category III, resulting in a guideline range of 360 months to life in prison.   On January 23, 2012, the Court sentenced defendant to 360 months in prison.   See Judgment In A Criminal Case (Doc. #688).

The Court subsequently determined that after Amendments 750 and 782 to the Sentencing Guidelines and based on a total of 4.5 kilograms of crack cocaine attributed to defendant (the minimum amount that the Court necessarily attributed to defendant at the original sentencing), his base offense level should be reduced from 40 to 36.   See Order To Show Cause (Doc. #1065) filed December 28, 2020 at 1.   On January 21, 2021, on the Court's own motion under 18 U.S.C. § 3582(c)(2), the Court reduced defendant's sentence to 292 months.   See Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #1079).

On November 2, 2022, the Court overruled defendant's motion for compassionate release. See Memorandum And Order (Doc. #1139) at 7.   Defendant appealed and that appeal remains pending before the Tenth Circuit Court of Appeals.

In the instant motion, under 18 U.S.C. § 3582(c)(2), defendant asks the Court to reduce his sentence to the low end of what he maintains is the correct amended guideline range (235 to 293 months).

### Analysis

Initially, the government argues that the Court lacks jurisdiction to address defendant's motion because of the pending appeal of the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1).   Subject to certain limited exceptions, the filing of a notice of appeal divests a district court of jurisdiction.   See United States v. Ransom, 691 F. App'x 550, 551 (10th Cir. 2017); United States v. Prows, 448 F.3d 1223, 1228 (10th Cir. 2006); see also United States v. Madrid, 633 F.3d 1222, 1226 (10th Cir. 2011) (filing of notice of appeal typically confers jurisdiction on court of appeals and divests district court of control over aspects of case involved in appeal).   Courts recognize several exceptions such as when the district court (1) acts in aid of

-2-

the appellate court's exercise of its jurisdiction, (2) addresses matters that are not comprehended within the appeal or (3) continues full consideration of the case where it certifies that the notice of appeal is invalid or frivolous.   <u>Madrid</u>, 633 F.3d at 1226–27.   Defendant's pending appeal involves the denial of relief under the compassionate release statute, 18 U.S.C. § 3582(c)(1).   In the instant motion, defendant seeks relief solely under Section 3582(c)(2).   The Court therefore does not lack jurisdiction because of the pending appeal.   Even so, as explained below, defendant cannot satisfy the statutory jurisdictional prerequisite for a Section 3582(c)(2) motion.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so.   <u>See</u> 18 U.S.C. § 3582(b)–(c);<u>United States v. Blackwell</u>, 81 F.3d 945, 947 (10th Cir. 1996).   Defendant seeks relief under Section 3582(c)(2), which permits the Court to reduce a sentence if defendant has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."   18 U.S.C. § 3582(c).   To obtain relief under Section 3582(c)(2), defendant must overcome three distinct hurdles: (1) under the statute's "based on" clause, defendant must show that he was sentenced based on a guideline range the Sentencing Commission lowered after his sentencing; (2) under the statute's "consistent with" clause, defendant must show that his request for a sentence reduction is consistent with the Commission's policy statements and (3) defendant must convince the district court that he is entitled to relief in light of the sentencing factors found in Section 3553(a).   <u>United States v. C.D.</u>, 848 F.3d 1286, 1289–90 (10th Cir. 2017). Under Tenth Circuit precedent, the first hurdle is jurisdictional.   <u>Id.</u> at 1289.

Defendant asks the Court to reduce his sentence to the low end of the amended guideline range of 235 to 293 months.   Defendant apparently contends that Amendments 750 and 782 to

-3-

the Sentencing Guidelines collectively result in a decrease of his total offense level to 36, not level 38 as reflected in the Court's Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #1079).   In support, defendant relies on the government's statement that his base offense level has been lowered to 36.   See Motion For Reduction (Doc. #1143) at 1 (citing Government's Response To Defendant's Motion For Compassionate Release (Doc. #1131) filed August 30, 2022 at 8).   Defendant ignores the fact that his total offense level under the amended Guidelines is 38 because the Court applied a two-level enhancement for firearm possession, which Amendments 750 and 782 did not impact.[1]   Because defendant has not shown that a retroactive sentencing amendment lowered his guideline range of 292 to 365 months, the Court dismisses his renewed motion to reduce sentence for lack of jurisdiction.   See C.D., 848 F.3d at 1289.

IT IS THEREFORE ORDERED that defendant's Motion For Reduction (Doc. #1143) filed November 23, 2022, which the Court construes as a renewed motion to reduce sentence under 18 U.S.C. § 3582(c)(2), is DISMISSED.

---

[1]   In response to the Court's earlier Order To Show Cause (Doc. #1065), the parties incorrectly stated that the Sentencing Commission had lowered defendant's base offense level to 34.   See Joint Memorandum In Support Of Sentence Reduction (Doc. #1077) filed January 19, 2021 at 1.   Technically, the Guidelines treat the additional two levels for distribution near a protected location as part of the base offense level, not as an additional enhancement.   See U.S.S.G. § 2D1.2(a) (for offenses where controlled substances directly involved protected location, base offense level is two plus the offense level in Section 2D1.1).   Even so, this distinction did not impact the calculation of defendant's total offense level under the amended Guidelines.   Indeed, the parties agreed that the Court had correctly calculated the amended sentencing range of 292 to 365 months, i.e. the sentencing range for a total offense level 38 with a criminal history category III.   See Joint Memorandum In Support Of Sentence Reduction (Doc. #1077) at 1; see also Order To Show Cause (Doc. #1065) at 1 n.1.

Dated this 1st day of March, 2023 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge